[Cite as *Discover Bank v. Sweeney*, 2012-Ohio-5402.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DISCOVER BANK C/O DB SERVICING
CORPORATION

     Appellee

     v.

MARK SWEENEY

     Appellant

C.A. No.     26340

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 07 3955

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

---

BELFANCE, Judge.

{¶1} Mark Sweeney appeals the trial court's award of summary judgment to Discover Bank and its denial of his motion for summary judgment. For the reasons set forth below, we reverse.

I.

{¶2} Discover Bank filed a complaint alleging that Mr. Sweeney had failed to make minimum monthly payments on his credit card accounts. Next to Discover Bank's name on the complaint, "c/o DB Servicing Corporation" had been stamped. Discover Bank moved for summary judgment, but the trial court withheld ruling on the motion until after discovery had been completed. Following discovery, Mr. Sweeney moved for summary judgment, arguing that Discover Bank was a foreign corporation not licensed to conduct business in Ohio and, therefore, lacked capacity to maintain the action against him. He also argued that DB Servicing Corporation was not the real party in interest in the action.

{¶3}   Discover Bank responded, arguing that DB Servicing Corporation was licensed to conduct business in Ohio and that DB Servicing Corporation was maintaining the suit on its behalf.   However, while Discover Bank submitted documentation retrieved from the Ohio Secretary of State's website that indicated that DB Servicing Corporation was licensed to conduct business in Ohio, it stated in its responses to discovery that the account had not been assigned to DB Servicing Corporation.   It also submitted the affidavit of Robert Adkins, who averred that Discover Bank was a Delaware Bank.

{¶4}   Mr. Sweeney moved in opposition to Discover Bank's motion for summary judgment, again arguing that Discover Bank lacked capacity to maintain the action against him. The trial court denied Mr. Sweeney's motion for summary judgment and granted Discover Bank's motion.   Mr. Sweeney has appealed, raising three assignments of error.   For ease of discussion, we address his first two assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS FEBRUARY 29, 2012 JUDGMENT ENTRY DENYING SWEENEY'S MOTION FOR SUMMARY JUDGMENT[.]

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS FEBRUARY 29, 2012 JUDGMENT ENTRY GRANTING DISCOVER BANK'S MOTION FOR SUMMARY JUDGMENT[.]

{¶5}   Mr. Sweeney argues that the trial court erred when it granted summary judgment to Discover Bank.   Instead, he argues, it should have granted summary judgment to him because Discover Bank lacked capacity to maintain the action against him.

{¶6}   This Court reviews an award of summary judgment de novo.   *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).   "We apply the same standard as the trial court,

viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

{**¶7**} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{**¶8**} At issue in this case is R.C. 1703.29(A), which provides that

[t]he failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained such license shall maintain any action in any court until it has obtained such license.

R.C. 1703.03 provides that "[n]o foreign corporation not excepted from sections 1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." A foreign corporation is "a corporation incorporated under the laws of another state or a bank, savings bank, or savings and loan association chartered under the laws of the United States, the main office of which is located in another state." R.C. 1703.01(B).

{¶9} Mr. Sweeney argued in his motion for summary judgment that Discover Bank lacked capacity to maintain the action against him because it was a foreign corporation and was not licensed to do business in Ohio. He also argued that DB Servicing Corporation lacked standing to maintain the suit because it had never been assigned the account at issue in this case. In support, Mr. Sweeney attached an affidavit in which he averred that he "searched Ohio Secretary of State business filings and found no current listing for Discover Bank." He also submitted Discover Bank's answers to his interrogatories, which indicated that DB Servicing Corporation had never been assigned the account and that DB Servicing Corporation was "not a party to this action."

{¶10} Discover Bank argued in its motion in opposition that DB Servicing Corporation was licensed to conduct business in Ohio and, therefore, had capacity to maintain the action against Mr. Sweeney. In support, it attached printouts from the Ohio Secretary of State website that indicated that DB Servicing Corporation was licensed to conduct business in Ohio. Discover Bank also submitted the affidavit of Robert Adkins, who averred that Discover Bank "is a FDIC-insured Delaware State bank * * *."

{¶11} Based upon the record in this case, there is no dispute that Discover Bank is a foreign corporation. Furthermore, Mr. Sweeney's affidavit is uncontroverted, meaning that, even when viewed in the light most favorable to Discover Bank as the non-moving party, there is no genuine dispute that Discover Bank is not licensed to conduct business in Ohio. Thus, by the plain language of R.C. 1703.29(A), it could not maintain this action against Mr. Sweeney.

{¶12} Nevertheless, Discover Bank argues that it had capacity to maintain the action against Mr. Sweeney, asserting that R.C. 1703.29(A) is inapplicable to it because it is a national bank. However, we note that this is a different argument than the one Discover Bank made in

opposition to Mr. Sweeney's motion for summary judgment, and this Court will not address arguments in the first instance. *See, e.g., Paterson v. Equity Trust Co.*, 9th Dist. 11CA009993, 2012-Ohio-860, ¶ 18. Furthermore, there is no evidence in the record that Discover Bank is a national bank. In fact, Discover Bank maintained, through Mr. Adkins' affidavit, that it was a Delaware bank. Even when viewed in the light most favorable to Discover Bank, there is no dispute that Discover Bank is a Delaware bank and not a national bank.

{¶13} Notably, Discover Bank does not advance on appeal the arguments it made in the trial court in its motion in opposition to Mr. Sweeney's motion for summary judgment. Discover Bank's argument below was essentially that DB Servicing Corporation was handling the action for Discover Bank and DB Servicing Corporation was not prohibited from maintaining an action by R.C. 1703.29(A) because it was licensed to conduct business in Ohio. However, Discover Bank, in its answers to Mr. Sweeney's interrogatories stated that DB Servicing Corporation was not a party to the action. Furthermore, Discover Bank stated that the debt in question had never been assigned to DB Servicing, thus negating any suggestion that DB Servicing was the real party in interest. Discover Bank has not put forth any authority that would suggest it could gain capacity to maintain the action in this case through DB Servicing under these circumstances, nor has this Court's own research uncovered any such authority. *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, * 8 (May 6, 1998).

{¶14} Viewing the evidence contained in the record below in the light most favorable to Discover Bank, there is no dispute that it was a Delaware bank that was not licensed to conduct business in Ohio. Therefore, it lacked capacity to initiate and maintain this action against Mr. Sweeney. Furthermore, it was undisputed that DB Servicing Corporation was not a party to the

action. Accordingly, Mr. Sweeney's motion for summary judgment should have been granted, and Discovery Bank's motion should have been denied.

**{¶15}** Mr. Sweeney's first two assignments of error are sustained.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FEBRUARY 29, 2012 JUDGMENT ENTRY AWARDING 19.99% INTEREST[.]

**{¶16}** In light of our resolution of Mr. Sweeney's other assignments of error, this assignment of error is moot, and, therefore, we decline to address it. *See* App.R. 12(A)(1)(c).

III.

**{¶17}** Mr. Sweeney's first two assignments of error are sustained, and his third assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for the trial court to enter judgment in favor of Mr. Sweeney.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

MARK SWEENEY, pro se, Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.